PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE ~~NORTHERN~~ WESTERN DISTRICT OF TEXAS

FILED

MAR - 1 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Mr. Anthony Robert Trejo #555896
PETITIONER
(Full name of Petitioner)

BCADC, 200 N. Comal St, S.A. TX 78207
CURRENT PLACE OF CONFINEMENT

vs.

sid# 555896
PRISONER ID NUMBER

Sheriff, Mr. Salazar (John Doe)
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

SA21CA0209 FB
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. ✓ To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
probation or deferred-adjudication probation.
A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-25)
Other: _____               (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _Bexar County Courthouse 227th Judicial District / Bexar County, Tx._

2. Date of judgment of conviction: _Feb. 05th, 1998_

3. Length of sentence: _25 yrs. Ass._

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _1996-CR-6256 unk._

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ✓ Not Guilty     Guilty     Nolo Contendere

6. Kind of trial: (Check one)  ✓ Jury    Judge Only

7. Did you testify at trial?   Yes   ✓ No

8. Did you appeal the judgment of conviction?  ✓ Yes   No

9. If you did appeal, in what appellate court did you file your direct appeal? 4th Court of Appeals

   Cause Number (if known): 199 unk

   What was the result of your direct appeal (affirmed, modified or reversed)? Dismissed.

   What was the date of that decision? unknown 1999

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: Ineffective Asst. of Counsel; DNA fraud; Gang issue; Extraneous offenses;

   Result: Dismissal

   Date of result: 1999 ?     Cause Number (if known): unk

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   Yes   (No)

11. If your answer to 10 is "Yes," give the following information:

    Name of court: N/A

    Nature of proceeding: N/A

    Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: __4th Court of Appeals__

Nature of proceeding: __PDR - Petition for Discretionary Review__

Cause number (if known): __unk.__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
__1999/2001__

Grounds raised: __Same as previous - Direct Appeal.__

_____

Date of final decision: __2001 unk or so.__

What was the decision? __Dismissed.__

Name of court that issued the final decision: __4th Court of Appeals.__

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    Yes    (No)

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: __N/A__

   (b) Give the date and length of the sentence to be served in the future: __N/A__

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    Yes    No

**Parole Revocation:**

13. Date and location of your parole revocation: ___N/A___

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    Yes    **No**

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?    Yes    No

16. Are you eligible for release on mandatory supervision?    Yes    No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: ___N/A___

Disciplinary case number: ___N/A___

What was the nature of the disciplinary charge against you? ___N/A___

18. Date you were found guilty of the disciplinary violation: ___N/A___

Did you lose previously earned good-time days?    **Yes**    No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: ___N/A___

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
___N/A___
___N/A___
___N/A___

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    Yes    No

If your answer to Question 19 is "Yes," answer the following:

Step 1   Result: ___N/A___

Date of Result: ___N/A___

Step 2 Result: _____N/A_____

Date of Result: _____N/A_____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** DNA - FRAUD CONCEALMENT

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Forensic lab Detectives conspired to impinge on federal rights, illegal intrusion by government officials - probable cause in cover-up schemes tactics used to promote incrimination by wrong Panties + T-Shirt evidence of my spermatazoa + her epithelial skin cells. Etc

B.  **GROUND TWO:** Ineffective Assistance of Counsel - 6th Amend. Confrontation Clause

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Att. Ron. D. Ross failed to object to DNA on evidence used w/ prejudice intent and evidence used to convict - statements x 4 - Agg. Perjury and other Confrontation Clause evidences, on Michael Jeremy Trejo, inadmissible hearsay statements. Counsel failed to allow, but waived right, to testify @ trial, failed to proffer character or reputation as gang associated/etc.; didn't move to effectively cross examine all evidence used @ trial, or DNA defense, witnesses statement or prosecutor misconduct @ trial, in regards to failure to disclose impeachment evidence, discovery evidence, object to defective indictment that failed to provide me w/ facts related to physical bodily injuries used to enhance sentence @ trial. Failed to dismiss the indictment.

-6-

C. **GROUND THREE:** 5th Amend. - Self-Incrimination + Due Process / Equal Protection of the Laws / 14th Amend. included.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On 10-14-96 or so Detective Mike A. Garcia custodially interrogated me while in official Environment at CID/OIG Dept. and during adversarial proceedings, failed to warn me of my Miranda Warnings and failed to respect my immediate request for presentation of my lawyer. Gave a oral coerced confession and while on hand cuffs, made a oral statement by way of trickery or deceit by detective. I made it ~~by noteaks~~ for intent to resolve charges and to admonish or to revoke allegations on me falsely made. And to get case dissolved for the violating my civil rights as a civilian detainee (pre-trial).

D. **GROUND FOUR:** 4th Amend. - illegal government intrusion; unreasonable search and seizure; invasion of privacy of private affairs, etc.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During 7-31-97 Detective Joe G. Jimenez appeared w/ a fraud/fraud concealment warrant for blood! By force. I objected. Stated on copy/original form: "I refuse. However for will not be necessary." To preserve right to privacy for the injection of a needle syringe into my body to indirectly cover-up a fraud intent to frame work product to impinge of my due process/equal rights + to be free from cruel + unusual punishments. Appt. of Counsel, etc. paralegals.

21. Relief sought in this petition: (TRO) Temporary Restraining Order w/ Preliminary Injunction. Civil Damages. Punitive/Exemplary Damages, Treble Damages. Constitutional Damages. Accept as Newly Discovered Evidence. Refer to U.S. Dept. of Justice - Civil Div. and/FBI - Investigations, etc.

2: VTCA 1: 28 USC 1746 Unsworn Declaration.

I, Anthony R. Trejo, #555896, incarcerated in Bexar County Jail, at 200 N. Comal St., San Antonio, Tx. 78207, declare under penalty of perjury that the foregoing is true + correct.

Note = Only (1)

Executed on: 2-26-21

[signature] Anthony R. Trejo
PRO SE, Anthony R. Trejo #555896

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ~~Yes~~   (No)
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    N/A
    N/A

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   Yes   No

23. ~~Are any~~ of the grounds listed in question 20 above presented for the first time in this petition?
    (Yes)   No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.
    Ground 1: Newly Discovered Evidence: due to 28 USC 2244(d).. raises the violation of U.S./Tx Constitutional Rights infractions, and there is no time barred time limitations if shown miscarriage of justice. I couldn't have raised in due diligence due to ongoing threat to retaliation by all domestic/foreign terrorists and official oppression, etc. (EOC) & (RICO) violations. I've been stalked on & targeted & tampered with. Official & State Created Impediment.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   Yes   No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Ron D. Ross
    (b) At arraignment and plea: Ron D. Ross
    (c) At trial: Ron D. Ross
    (d) At sentencing: Ron D. Ross
    (e) On appeal: Richard E. Langlois
    (f) In any post-conviction proceeding: Myself, Pro Se.

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_Myself. Pro Se_ _____

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Newly Discovered Evidence shown manifest Constitutional Rights violations to permit 2253(c)(2), 28 USCA. etc. surpass tolling of time-limitations./ 2244(d)(1)(D): retaliation intent + impediment by obstruction of investigations by government, reckless endangerment, deliberate indifference, criminal/civil conspiracies + negligence. Joint negligence. etc.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

Feb. 26, 2021 _____ (month, day, year).

Executed (signed) on Feb. 26, 2021 _____ (date).

_Anthony Robert Nix_____
Signature of Petitioner (required)

sid:#555896

Petitioner's current address: BCADC, 200 N. Comal St., San Antonio, TX 78207-3534.

-10-